# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

No. 20-0919V

(not to be published)

| | |
|---|---|
| ASHLEY NORE,<br><br>     Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: November 30, 2021<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Hourly Rate |

*LeeAnne Pedrick, Maglio, Christopher, & Toale PA, Washington, DC*, for Petitioner.

*Lara Ann Englund, U.S. Department of Justice, Washington, DC*, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On July 29, 2020, Ashley Nore filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration as a result of an influenza vaccine administered on September 19, 2019. (Petition at 1). On September 15, 2021, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 29).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated September 29, 2021 (ECF No. 34), requesting a total award of $37,999.78 (representing $36,895.20 in fees and $1,104.58 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. (ECF No. 34-3). Respondent reacted to the motion on September 30, 2021, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. (ECF No. 35). On October 1, 2021, Petitioner filed her reply requesting the "entry of a decision awarding the fees and costs requested in the Motion for Payment of Attorneys' Fees and Reimbursement of Case Costs Pursuant to 42 U.S.C. 300aa-15(e)". (ECF No. 36 at 5).

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests I endorse the rate of $195 per hour for time billed by attorney Leann Pedrick in 2021 (ECF No. 34-1 at 17). Ms. Pedrick has been a licensed attorney since 2020, placing her in the range of attorneys less than four years' experience.[3] (ECF No. 34-4 at 17). I find the requested rate to be reasonable, and consistent with OSM's rate chart, and it shall be awarded.

Additionally, Petitioner is requesting the following rates for prior attorney, Jeffrey Nelson: $404 per hour for time billed in 2020, and $500 per hour for time billed in 2021 (ECF No. 34-1 at 17). This was Mr. Nelson's first case in the Program, however, and he does not have demonstrated Vaccine Act experience. It is therefore improper for him to receive rates established for comparably-experienced counsel who *also* have lengthy experience in the Program. *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

I have independently determined that Mr. Nelson has been a licensed attorney for 22 years, placing him in the range of attorneys with 20 – 30 years' experience.[4] The requested rate of $404 for time billed in 2020 is reasonable, and shall be awarded. However, I find it reasonable to reduce the requested rate for Mr. Nelson's time for 2021 to the rate of $420 per hour. I make no other changes to the work performed by any attorney on this case. This reduces the amount to be awarded in fees by **$1,192.00**.[5]

---

[3] These rates are derived from the undersigned's application of the OSM Attorneys' Forum Hourly Rate Schedules and are available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.

[4] https://join.dcbar.org/eWeb/DynamicPage.aspx?Site=dcbar&WebCode=FindMemberResults.

[5] This amount is calculated as follows: $500 - $420 = $80 x 14.9 hrs = $1,192.00.

## ATTORNEY COSTS

Petitioner requests $1,104.58 in overall costs. (ECF No. 34-2 at 1). This amount is comprised of obtaining medical records, postage and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall therefore award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$36,807.78** (representing $35,703.20 in fees and $1,104.58 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. **Petitioner requests check be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota, Florida 34236.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[6]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.